WILLIAM A. MOLINSKI (SBN 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, California 90017
Tel: +1-213-629-2020 / Fax: +1-213-612-2499

ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, California 94105-2669
Tel: +1-415-773-5700 / Fax: +1-415-773-5759

E. JOSHUA ROSENKRANZ (*pro hac vice*)
jrosenkranz@orrick.com
PETER A. BICKS (*pro hac vice*)
pbicks@orrick.com
ELYSE D. ECHTMAN (*pro hac vice*)
eechtman@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, New York 10019-6142
Tel: +1-212-506-5000 / Fax: +1-212-506-5151

MARK A. LEMLEY (SBN 155830)
mlemley@durietangri.com
MICHAEL PAGE (SBN 154913)
mpage@durietangri.com
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, California 94111
Tel: +1-415-362-6666

Attorneys for Defendants DISH Network Corporation and DISH Network L.L.C.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CBS BROADCASTING INC., CBS STUDIOS INC., SURVIVOR PRODUCTIONS LLC,

Plaintiffs,

v.

DISH NETWORK CORPORATION, DISH NETWORK L.L.C.,

Defendants.

Case No. CV12-04551-DMG (SHx)

**DEFENDANTS DISH NETWORK CORPORATION AND DISH NETWORK L.L.C.'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 12(b)(3) OR, IN THE ALTERNATIVE, TRANSFER PURSUANT TO 28 U.S.C. § 1406(a)**

Date & Time: Aug. 24, 2012, 9:30 a.m.
Dept: Courtroom No. 7, 312 North Spring Street

## TABLE OF CONTENTS


Page

INTRODUCTION AND SUMMARY OF ARGUMENT ....................................1

PROCEDURAL HISTORY ....................................1

ARGUMENT ....................................2

I. DISH IS NOT JUDICIALLY ESTOPPED FROM MOVING TO DISMISS BASED UPON THE FORUM SELECTION CLAUSE IN THE RETRANSMISSION AGREEMENT ....................................3

A. DISH Has Not Taken “Clearly Inconsistent” Positions ....................................4

B. Judicial Estoppel Is Inapplicable Because DISH Did Not Succeed On Its Motion For An Anti-Suit Injunction, And No Court Was Misled ....................................5

C. DISH Will Not Gain an “Unfair” Advantage ....................................5

II. THE RETRANSMISSION AGREEMENT REQUIRES THAT THE CASE BE DISMISSED OR TRANSFERRED ....................................6

A. The Copyright Claim Arises Out Of The Parties’ Contractual Relationship ....................................6

B. The Court Will Need To Interpret And Understand The Contract To Determine Whether DISH Exceeded The License Granted In The Contract ....................................9

C. The Fact That ABC and Fox Have Alleged Contract And Copyright Claims Evidences The Interrelationship Between These Claims ....................................10

D. The Forum Selection Clause Is Binding On The CBS Plaintiffs........11

CONCLUSION ....................................13






ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
LOS ANGELES

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Accentra, Inc. v. Staples, Inc.*, 2008 U.S. Dist. LEXIS 112183 (C.D. Cal. Feb. 27, 2008).. ....12

*Bagdasarian Productions, LLC v. Twentieth Century Fox Film Corp.*, 2010 WL 5154136 (C.D. Cal. Aug. 12, 2010)....7

*Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S. Ct. (1972)....3

*Cairo, Inc. v. Crossmedia Servs., Inc.*, 2005 U.S. Dist. LEXIS 8450 (N.D. Cal. Apr. 1, 2005)....7

*Campbell v. Clay*, 2011 U.S. Dist. LEXIS 56451 (E.D. Cal. May 26, 2011)....6

*Flagship West, LLC v. Excel Realty Partners*, 337 Fed. Appx. 679 (9th Cir. 2009) ....4, 6

*Graham Tech. Solutions, Inc. v. Thinking Pictures, Inc.*, 949 F. Supp. 1427 (N.D. Cal. 1997)....2, 7, 8, 9

*In re Cheng*, 308 B.R. 448 (B.A.P. 9th Cir. 2004) ....3

*Johnston v. Oregon*, 141 F.3d 1361 (9th Cir. 1998)....3

*Larson v. Speetjens*, 2006 U.S. Dist. LEXIS 87481 (N.D. Cal. Nov. 20, 2006) ....3, 4

*Loukianoff v. Galitsky*, 2012 U.S. Dist. LEXIS 47974 (N.D. Cal. Apr. 4, 2012)....7

*Lumascape USA, Inc. v. Vertex Lighting, Inc.*, 2006 WL 825411 (N.D. Cal. Mar. 29, 2006)....7

*Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509 (9th Cir. 1988)....7, 12

*Modius, Inc. v. Psinaptic, Inc.*,
2006 WL 1156390 (N.D. Cal. May 2, 2006)....................................................2

*Multimin USA, Inc. v. Walco Intern'l, Inc.*,
2006 WL 1046964 (E.D. Cal. Apr. 11, 2006)...................................................7

*Murphy v. Schneider National, Inc.*,
362 F.3d 133 (9th Cir. 2004)..........................................................................3

*New Hampshire v. Maine*,
532 U.S. 742 (2001)........................................................................................4

*Nissan Motor Co. v. Nissan Computer Corp.*,
89 F. Supp. 2d 1154 (C.D. Cal. 2000)..............................................................2

*Questrel Inc. v. Merriam-Webster, Inc.*,
2011 U.S. Dist. LEXIS 154753 (C.D. Cal. Mar. 23, 2011)..........................7, 10

*Ward v. Royal Caribbean Cruise Lines, Ltd.*,
2009 U.S. Dist. LEXIS 10383 (C.D. Cal. Jan. 22, 2009)...................................2

**FEDERAL STATUTES**

28 U.S.C. § 1406(a) ..................................................................................2, 8

**RULES**

Fed. R. Civ. Proc. 12(b)(3).............................................................*passim*

## INTRODUCTION AND SUMMARY OF ARGUMENT

CBS bears the burden to establish the propriety of venue in this Court. Because CBS cannot meet that burden, it attempts to side-step the merits of DISH's motion to dismiss or transfer by arguing that DISH is "judicially estopped" from challenging venue. The judicial estoppel doctrine requires a party to have previously prevailed on an inconsistent argument. DISH's arguments on this motion – that CBS's copyright claims against DISH are not properly brought in this Court – are fully consistent with the arguments that DISH made on its motion in New York for an anti-suit injunction based on the first-filed rule, and the doctrine of judicial estoppel is therefore wholly inapplicable.

The resolution of this motion should be governed by controlling Ninth Circuit precedent, which accords dispositive weight to the forum selection clause in CBS's contract with DISH. As demonstrated in DISH's opening brief, the CBS Plaintiffs in this action are contractually bound to litigate their dispute with DISH in New York or Colorado. The forum selection clause in the Retransmission Agreement requires that disputes that arise under ***or out of*** the parties' contract be brought in New York or Colorado. The Opposition cannot side-step that controlling Ninth Circuit precedent or the result that it compels. This dispute concerns whether the Retransmission Agreement grants DISH a copyright license, and whether the use by DISH subscribers of the PrimeTime Anytime and AutoHop features on the Hopper DVR violates that copyright license. For these substantive reasons, DISH's motion should be granted, and this action should be dismissed or transferred to the Southern District of New York.

## PROCEDURAL HISTORY

CBS mischaracterizes the proceedings before Judge Swain in New York. The issue presented to Judge Swain, in both DISH's application for a temporary restraining order and motion for an anti-suit injunction, was whether DISH's declaratory relief complaint would receive the benefit of the first-filed rule or, as

the networks argued, whether DISH's action was an improper anticipatory filing that would lose the benefit of being filed first. (Declaration of Robert H. Rotstein in Opposition To Defendants DISH Network Corporation and DISH Network L.L.C.'s Motion to Dismiss Pursuant to Rule 12(b)(3) or, in the Alternative, Transfer Pursuant to 28 U.S.C. § 1406(a) ("Rotstein Decl."), Ex. B.)

In a meet and confer letter to the networks, DISH referred to the first-filed determination as "this venue decision," and accurately represented that it was reserved for Judge Swain. (*Id.*, Ex. A.) One court had to go first in addressing whether precedence should be accorded to DISH's New York action under the first-filed doctrine, and the law requires that the decision be made by the first-filed court. The New York court never had the authority, however, to dismiss or transfer this California case, nor did DISH ask Judge Swain to do so.

Judge Swain ultimately denied the anti-suit injunction. (Declaration of Melanie D. Phillips in Support of Defendants DISH Network Corporation and DISH Network L.L.C.'s Motion to Dismiss Pursuant to Rule 12(b)(3) or, in the Alternative, Transfer Pursuant to 28 U.S.C. § 1406(a) ("Phillips Decl."), Ex. G.) In ruling against DISH, Judge Swain declined to address the effect of the CBS forum selection clause.

## ARGUMENT

The CBS Plaintiffs do not dispute that they have the burden to show that venue is proper in this Court (*see Nissan Motor Co. v. Nissan Computer Corp.*, 89 F. Supp. 2d 1154, 1161 (C.D. Cal. 2000); *see also Ward v. Royal Caribbean Cruise Lines, Ltd.*, 2009 U.S. Dist. LEXIS 10383, at *5 (C.D. Cal. Jan. 22, 2009); *Modius, Inc. v. Psinaptic, Inc.*, 2006 WL 1156390, at *5 (N.D. Cal. May 2, 2006)), or that this Court can and should consider evidence outside the pleadings, *i.e.* the Retransmission Agreement. *Graham Tech., Solutions, Inc. v. Thinking Pictures, Inc.*, 949 F. Supp. at 1427 (N.D. Cal. 1997). While the CBS Plaintiffs argue that all inferences from factual conflicts should be drawn in their favor at this stage (Opp'n

at 4), citing *Murphy v. Schneider National, Inc.*, 362 F.3d 133 (9th Cir. 2004) (where the extent of the plaintiffs' disability was at issue), that rule is of no moment here, because there are no factual inferences at play. As acknowledged in the *Murphy* case, forum selection clauses, such as the one here, are presumptively enforceable under *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S. Ct. 1907 (1972).

## I. DISH IS NOT JUDICIALLY ESTOPPED FROM MOVING TO DISMISS BASED UPON THE FORUM SELECTION CLAUSE IN THE RETRANSMISSION AGREEMENT

CBS seeks to avoid the merits of DISH's motion by arguing that DISH is judicially estopped from arguing venue issues before this Court. This is nonsense. Judicial estoppel does not apply to DISH's invocation of the first-filed rule by motion in New York because, among other reasons, DISH *consistently* has argued that this action should not have been filed in California.

"Judicial estoppel is an equitable doctrine, invoked by a court at its own discretion, and driven by the specific facts of the case." *Johnston v. Oregon*, 141 F.3d 1361, 1368 (9th Cir. 1998). "The dynamic nature of the judicial estoppel doctrine warrants proceeding with caution" and "[the] plea for prudence carries force." *In re Cheng*, 308 B.R. 448, 453, 462 (B.A.P. 9th Cir. 2004). Judicial estoppel is discretionary in its application. *See, e.g.*, *Larson v. Speetjens*, 2006 U.S. Dist. LEXIS 87481, at *12 (N.D. Cal. Nov. 20, 2006) (declining to apply judicial estoppel despite defendants' inconsistent positions where it did not appear that defendants were "playing fast and loose with the courts") (citation omitted).

The application of judicial estoppel requires CBS to show that DISH: (1) advances a position here that is "clearly inconsistent" with its earlier position in New York; (2) succeeded in persuading the New York court to adopt its earlier inconsistent position, such that acceptance of the later position by this Court would create an impression that one of the two courts was misled; and (3) would derive an unfair advantage or impose an unfair burden on CBS if the new position were

accepted. *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001). CBS does not come close to satisfying any one of these factors.

**A. <u>DISH Has Not Taken "Clearly Inconsistent" Positions</u>**

CBS's judicial estoppel argument must fail on the first factor alone. DISH has been entirely *consistent* at all times that New York is the proper forum for its dispute with CBS.

CBS claims that DISH has taken "clearly inconsistent" positions by asking two different courts to rule on "the venue issue." (Opp'n at 7.) Whatever CBS means by "the venue issue," there is no singular venue issue shared between DISH's motion for an anti-suit injunction in DISH's New York action and the present motion to dismiss CBS's California action. In New York, "the venue issue" that DISH argued was whether DISH's first-filed action in New York should take precedence over this action in California, under the first-filed rule. The venue issue that DISH argues here involves whether CBS's claims can go forward in the Central District of California, given the mandatory forum selection provision to which CBS agreed in the CBS-DISH Retransmission Agreement. To be sure, DISH has argued venue-related issues to two different courts, but the venue issue presented to each court is different. And, the court to which DISH presented each of these venue issues has been the only proper court to rule on the presented issue. Most importantly, and fatal to CBS's judicial estoppel argument, DISH's position in both actions has been fully consistent—that New York is the proper venue for this dispute.

Accordingly, under no stretch of the imagination is DISH taking an inconsistent position between the two courts. *See Larson*, 2006 U.S. Dist. LEXIS 87481, at *12 (rejecting application of judicial estoppel where "Defendants have at all times attempted to achieve the same result: ensuring that the arbitration would take place in Mississippi"); *see also Flagship West, LLC v. Excel Realty Partners*, 337 Fed. Appx. 679, 680-81 (9th Cir. 2009) (finding no evidence of inconsistent

positions). On that basis alone, CBS's judicial estoppel argument must fail.

**B. Judicial Estoppel Is Inapplicable Because DISH Did Not Succeed On Its Motion For An Anti-Suit Injunction, And No Court Was Misled**

CBS cannot meet the second factor for judicial estoppel, because DISH's motion to Judge Swain for an anti-suit injunction was not granted (and this action was not enjoined). Judicial estoppel only applies to a prevailing party.

CBS cannot establish the second factor for the additional reason that the questions presented to the two courts are different, which avoids any risk that either court was or will be misled. The first-filed issue that the New York court ruled upon was a question reserved for that court to decide in the first instance. Similarly, the question of whether this case should be dismissed for improper venue under Rule 12(b)(3) is reserved to this Court.

Because DISH did not prevail in New York, and no court is being misled, CBS has failed to establish the second prong of judicial estoppel.

**C. DISH Will Not Gain an "Unfair" Advantage**

On the final factor for judicial estoppel, CBS similarly fails. DISH will not gain any unfair advantage here. The only unfair advantage is the one that CBS is seeking to gain by avoiding the bargained-for forum selection clause.

CBS argues that a benefit would flow to DISH if this Court granted its motion, as DISH would be "evading" the New York court's ruling. This is simply not true. The ruling by the New York court was that DISH's declaratory relief claim could not be considered "first-filed" and, therefore, could not give DISH grounds to enjoin the separate litigation by CBS, NBC and Fox. The dismissal or transfer of this action, based upon the fact that it was filed in the wrong forum, does not implicate either of these rulings.

Improper venue is an affirmative defense that must be raised upon responding to the complaint or it is waived. Fed. R. Civ. Proc. 12(b)(3). DISH timely raised its venue defense in this action, and nothing about its doing so is

remotely "unfair." *See Flagship West*, 337 Fed. Appx. at 681 (finding that there was no unfair advantage for raising argument after jury had already deliberated). CBS could not have detrimentally relied on any of DISH's previous actions, as DISH has always made clear that it did not believe that this case was filed in the proper forum. *See Campbell v. Clay*, 2011 U.S. Dist. LEXIS 56451, at *17 (E.D. Cal. May 26, 2011) (rejecting claim of unfair advantage where the issue of timeliness had been argued by the party in the different actions). Furthermore, the forum selection clause was a bargained-for piece of a negotiated agreement between DISH and CBS. Presumably, CBS was represented by competent attorneys in those negotiations and they understood the meaning of the words ultimately used in that provision. Therefore, it is disingenuous for CBS to now complain that the practical implications of that language are somehow "unfair" to them, or that DISH should be deprived of the benefit for which it bargained. There is simply no unfair advantage at issue here.

Because CBS cannot establish this or any other element of judicial estoppel, CBS cannot prevent the Court from adjudicating CBS's forum selection clause on the merits.

## II. THE RETRANSMISSION AGREEMENT REQUIRES THAT THE CASE BE DISMISSED OR TRANSFERRED

### A. The Copyright Claim Arises Out Of The Parties' Contractual Relationship

The CBS Plaintiffs make a convoluted argument that the forum selection clause is inapplicable because their claims are based upon the Copyright Act and not the Communications Act. This argument ignores Ninth Circuit law and, frankly, makes no sense. Ninth Circuit law does not require that the claim be based directly upon the contract or that it be brought based upon the particular statute that may have given rise to the agreement. Under Ninth Circuit law, a claim will be found to arise under or out of a contract if the dispute arises under or out of the contractual relationship, implicates the contract's terms or even requires an

understanding of the contract. *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 512 (9th Cir. 1988); *Questrel Inc. v. Merriam-Webster, Inc.*, 2011 U.S. Dist. LEXIS 154753, at *9 (C.D. Cal. Mar. 23, 2011); *Bagdasarian Productions, LLC v. Twentieth Century Fox Film Corp.*, 2010 WL 5154136, at *5 (C.D. Cal. Aug. 12, 2010)[1]; *Multimin USA, Inc. v. Walco Intern'l, Inc.*, 2006 WL 1046964, at *7 (E.D. Cal. Apr. 11, 2006). This is true whether it is the claim itself or just a defense to that claim that arises under or out of the contractual relationship. The forum selection clause applies if the claim even arguably arises under or out of the contract. *Graham Tech.*, 949 F. Supp. at 1431.

While the Copyright Act grants DISH a statutory license to CBS copyrighted works, it is the Retransmission Agreement that enables DISH to exercise that copyright license. Ninth Circuit courts have repeatedly found that where, as here, the intellectual property claims arise under or out of the parties' business and contractual relationship, even where the claim is not brought directly on the contract, the forum selection clause will govern the intellectual property dispute. *See, e.g.*, *Loukianoff v. Galitsky*, 2012 U.S. Dist. LEXIS 47974, at *18 (N.D. Cal. Apr. 4, 2012) (finding trademark and trade secret claims covered by forum selection clause); *Questrel Inc.*, 2011 U.S. Dist. LEXIS 154753, at *9 (finding copyright claim covered by forum selection clause); *Bagdasarian Productions*, 2010 WL 5154136, at *5 (finding copyright claim covered by forum selection clause); *Multimin USA*, 2006 WL 1046964, at *7 (finding trademark and trade secret claims covered by forum selection clause); *Lumascape USA, Inc. v. Vertex Lighting, Inc.*, 2006 WL 825411, at *8 (N.D. Cal. Mar. 29, 2006) (finding trademark and trade secret claims covered by forum selection clause); *Cairo, Inc. v. Crossmedia Servs., Inc.*, 2005 U.S. Dist. LEXIS 8450, at *15 (N.D. Cal. Apr. 1, 2005) (finding copyright and trademark claims covered by forum selection clause);

---

[1] In *Bagdasarian Productions*, Fox agreed with DISH's position here, arguing that its forum selection clause should be broadly interpreted to cover copyright claims.

*Graham Tech.*, 949 F. Supp. at 1434 (finding copyright claim covered by forum selection clause). This has to be the rule, because the very purpose of such contracts is to demarcate the parties' respective rights and obligations with respect to the intellectual property that is the subject of the relationship. The CBS Plaintiffs cannot avoid the forum selection clause simply by not mentioning the Retransmission Agreement in their complaint.

Indeed, ABC conceded as much when it fairly characterized the situation recently in a discovery and case management conference in the New York action.

> THE COURT: Well, you have a contract issue, don't you, even really before the copyright issue, because even if it's copyright violation, if it's permitted by the contract then you don't - - then it seems to me I don't even have to get to whatever Court the particular party is in, doesn't have to get to the copyright violation question, right?
>
> MR. BAINE: In theory, we could lose the case in a couple of ways, the Court could say it's not a copyright infringement and it's not a breach of contract, or it would be a copyright infringement ***but you've given them permission***.

(Declaration of William A. Molinski in Support of Defendants DISH Network Corporation and DISH Network L.L.C. Reply in Support of Motion to Dismiss Pursuant to Rule 12(b)(3) or, in the Alternative 28 U.S.C. § 1406(a) ("Molinski Decl."), Ex. A at 33:20-34:7 (emphasis added).)

As this exchange demonstrates, both the New York court and at least one of the networks has sensibly recognized that a determination that DISH's conduct complies with the Retransmission Agreements would mean that there was no liability as to all or at least some part of the copyright claim. It is only CBS's stubborn determination to avoid the contracted-for New York forum that prevents CBS from acknowledging the same obvious truth: that the parties' contract will play a direct role in the litigation of this dispute.

///

///

**B. <u>The Court Will Need To Interpret And Understand The Contract To Determine Whether DISH Exceeded The License Granted In The Contract</u>**

In Section 2(e) of the Retransmission Agreement, the parties actually previewed the CBS Plaintiffs' lawsuit by memorializing the parties' disagreement as to whether DISH would need a specific license to make PrimeTime Anytime and AutoHop available to its subscribers. (Phillips Decl., Ex. A at ¶ 2(e).)

This language unquestionably demonstrates that the copyright claim relates to and arises under or out of the Retransmission Agreement. First, it illustrates that the parties' central dispute is whether the Retransmission Agreement authorizes DISH's services or whether an additional copyright license is required. Further, the language in Section 2(e) and the discussions surrounding that language, will be relevant to the timeliness of CBS's complaint and its request for injunctive relief. Section 2(e) evidences CBS's awareness of DISH's time-shifting and place-shifting services in January, 2012 – months before it filed its complaint. Moreover, it shows that, despite CBS's concerns over time-shifting, it was willing to agree to license DISH's retransmission of CBS-copyrighted programming. The Court will necessarily need to analyze and interpret this language in resolving the CBS Plaintiffs' copyright claim. *See Graham Tech*, 949 F. Supp at 1432 (finding that "all disputes the resolution of which arguably depend on the construction of an agreement, 'arise out of' that agreement for the purpose of a forum selection clause.").

DISH argued that the Retransmission Agreement may become relevant to any determination of damages. (Motion at 16.) CBS's response is that it is seeking statutory damages. It does not dispute, however, that it will argue that the Court should look to the Retransmission Agreement as a damages reference. (Opp'n at 18.) That is sufficient under controlling Ninth Circuit precedent to establish that this claim "arises out of the Agreement." So long as a claim "requires an understanding" of the agreement, it will be found to arise out of or under that

agreement. *See Questrel, Inc.* 2011 U.S. Dist LEXIS 154753, at *9, ¶13 (finding copyright infringement claim covered by forum selection clause where claim "requires an understanding" of the agreement).

### C. The Fact That ABC and Fox Have Alleged Contract And Copyright Claims Evidences The Interrelationship Between These Claims

That CBS's copyright claims directly implicate the Retransmission Agreements is demonstrated no more clearly than by the fact that ABC and Fox have specifically alleged that the copyright claims and Retransmission Agreements are interconnected. The CBS Plaintiffs only response – other than a desperate resort to name calling, labeling DISH's argument "bizarre" and "spurious" – is to argue that Fox's and ABC's contracts are irrelevant since, unlike Fox and ABC, CBS has not asserted that its claims are governed by the Retransmission Agreements. This misses the point completely.

Fox and ABC have alleged that the ***same*** conduct that forms the basis for CBS's copyright claim directly implicates and forms the basis for a breach of the ***same*** type of Retransmission Agreements. The only reason CBS has not made the same claim is to try to avoid the mandatory forum selection clause for which DISH bargained and to which CBS agreed. That two of the four networks contend that the copyright and contract claims are interrelated is compelling evidence that the copyright claim arises under or out of these contracts. Indeed, the ABC and Fox Retransmission Agreements are substantially similar to CBS's Retransmission Agreement with DISH, are similarly based on the Communications Act, and similarly facilitate DISH's ability to exercise its statutory copyright license. ABC and Fox sensibly see these agreements as directly related to the copyright dispute.

The CBS Plaintiffs simply do not get it. The issue is not whether CBS has cleverly omitted reference to or a claim under the Retransmission Agreement with DISH. The issue is whether resolution of the copyright claim will necessarily – or even arguably – relate to the Agreement. CBS's name-calling aside, the

inescapable conclusion to be drawn from Fox and ABC's complaints is that the Retransmission Agreements will be a focal point of each of these actions and are necessarily connected to resolution of the copyright claims. Thus, there can be no doubt that the copyright claims arise under or out of the Retransmission Agreement.

**D. The Forum Selection Clause Is Binding On The CBS Plaintiffs**

The CBS Plaintiffs make a half-hearted attempt to argue that the forum selection clause does not apply to them because they are not parties to the Retransmission Agreement. The CBS Plaintiffs concede that they are each a direct or indirect subsidiary of CBS Corporation. The CBS Plaintiffs do not dispute that their role as copyright holders of the programming DISH is licensed to retransmit is closely related to the contractual relationship between DISH and their parent.

The CBS Plaintiffs attempt to argue that the Retransmission Agreement is irrelevant to their claims of copyright infringement because the two implicate "different" exclusive copyright-related rights: public performance and distribution. That argument, however, simply ignores half of the Retransmission Agreement at issue. That Agreement is not—as CBS would have it – just a retransmission agreement. It is a "Retransmission Consent **and Video on Demand Agreement.**" The CBS Plaintiffs allege in the Complaint that *they* license "Video on Demand" rights (Compl. ¶ 20), and that the PrimeTime Anytime feature constitutes an infringing "Video on Demand" service. (Compl. ¶ 22.) Those claims cannot, by any stretch of the imagination, be adjudicated without reference to the Retransmission Agreement by which CBS Corporation licensed DISH to provide CBS's "Video on Demand" content to DISH subscribers.[2]

Additionally, the Retransmission Agreement puts the lie to CBS's claim that CBS Corporation is not a proper party to a copyright action. CBS Corporation entered into a Video on Demand agreement with DISH. That Agreement inevitably

---

[2] To be clear, DISH disputes the networks' attempt to characterize PrimeTime Anytime as "Video on Demand." But regardless of that dispute, it is clear that both "Video on Demand" and PrimeTime Anytime implicate reproduction rights.

included the copyright licenses necessary to deliver the licensed services: Video on Demand, unlike retransmission, is not subject to statutory licenses. Having entered into that Retransmission Consent and Video on Demand Agreement, CBS Corporation cannot now argue that it does not actually have the rights it licensed to DISH.

Finally, CBS does not deny that it was CBS Corporation that threatened in the press (through anonymous sources) that it would be bringing suit against DISH. That CBS Corporation ultimately decided to do so through its closely-related entities does not change the result. CBS also does not and cannot dispute that, while CBS represents that it does not intend to bring any breach of contract claims, CBS refused to bind itself to that position when DISH asked it to so stipulate. Under Ninth Circuit precedent in *Manetti-Farrow* – which so concerned the CBS Plaintiffs that they asked that DISH be prevented from even discussing the case – the CBS Plaintiffs are equally bound by the forum selection clause.[3]

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

[3] The only authority the CBS Plaintiffs cited on the application of the forum selection clause to related parties actually noted that it was not reaching the issue. *Accentra, Inc. v. Staples, Inc.*, 2008 U.S. Dist. LEXIS 112183, at *10 n.2 (C.D. Cal. Feb. 27, 2008) ("the Court need not address what impact the forum selection clause would have had on claims brought in part by a non-party to the clause.")

**CONCLUSION**

DISH brought its first-filed declaratory action in New York because it knew that it had mandatory New York forum selection clauses with two networks, and New York was, thus, the only forum where these disputes could be litigated on a consolidated basis. DISH at all times has sought to avoid the burdens of bicoastal litigation, and to avoid being whipsawed between two forums. Unfortunately, that is now exactly what the networks are doing, when DISH has done nothing more than properly try to comply with its contractual obligations. For the reasons stated above, and in DISH's opening brief, DISH respectfully requests that the Court dismiss this action or, in the alternative, transfer the action to the Southern District of New York.

Dated: August 10, 2012

Orrick, Herrington & Sutcliffe LLP

By: */s/ William A. Molinski*
WILLIAM A. MOLINSKI
Attorneys for Defendants
DISH Network Corporation and
DISH Network L.L.C.