WILLIAM A. MOLINSKI (SBN 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, California  90017
Tel: +1-213-629-2020 / Fax: +1-213-612-2499

ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, California 94105-2669
Tel: +1-415-773-5700 / Fax: +1-415-773-5759

E. JOSHUA ROSENKRANZ (*pro hac vice*)
jrosenkranz@orrick.com
PETER A. BICKS (*pro hac vice*)
pbicks@orrick.com
ELYSE D. ECHTMAN (*pro hac vice*)
eechtman@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, New York  10019-6142
Tel: +1-212-506-5000 / Fax: +1-212-506-5151

MARK A. LEMLEY (SBN 155830)
mlemley@durietangri.com
MICHAEL PAGE (SBN 154913)
mpage@durietangri.com
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, California  94111
Tel: +1-415-362-6666

Attorneys for Defendants DISH Network
Corporation and DISH Network L.L.C.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CBS BROADCASTING INC., CBS STUDIOS INC., SURVIVOR PRODUCTIONS LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>DISH NETWORK CORPORATION, DISH NETWORK L.L.C.,<br><br>    Defendants. | Case No. CV12-04551-DMG (SHx)<br><br>**DEFENDANTS DISH NETWORK CORPORATION AND DISH NETWORK L.L.C.'S RESPONSE TO PLAINTIFFS' EVIDENTIARY OBJECTIONS TO THE DECLARATION OF MELANIE D. PHILLIPS**<br><br>Date:  August 24, 2012,<br>Time:  9:30 a.m.<br>Dept:  Courtroom No. 7 |

DISH Network Corporation and DISH Network L.L.C. ("DISH") respectfully submits its Response to Plaintiffs' Evidentiary Objections to the Declaration of Melanie D. Phillips in Support of DISH's Motion To Dismiss Pursuant to Rule 12(b)(3) Or, In The Alternative, Transfer Pursuant to 28 U.S.C. § 1406(a).

## I. PLAINTIFFS' OBJECTIONS ARE WITHOUT MERIT

### A. General Response

CBS's evidentiary objections should be denied as a whole because the component parts do not have any basis in law or fact. Rather, they are merely an attempt by CBS to force DISH to respond to an unnecessary attack upon non-controversial exhibits that are relevant to the motion to dismiss. Rather than making considered, selective objections based on reasoned arguments, CBS has asserted a laundry list of objections to half of DISH's exhibits and select language included in the declaration. CBS objects merely for the sake of objecting, without any proper explanation or analysis. For example, CBS asserts a failure to authenticate objection to various documents where there is no dispute as to their authenticity, as CBS has the same transcripts and can easily verify that DISH has attached the identified document. The result is a general misuse of various types of objections, which this Court should deny as unmeritorious.

### B. Objections Alleging Lack of Personal Knowledge or Improper Authentication

The objections alleging lack of personal knowledge or improper authentication are without merit. As indicated in Ms. Phillips' declaration, she is "an associate with the law firm Orrick, Herrington & Sutcliffe LLP, counsel for DISH." (Phillips Declaration ¶ 1.) Ms. Phillips is a member of the legal team representing DISH against the different network plaintiffs, including the CBS plaintiffs. As such, Ms. Phillips has personal knowledge of the various developments in these cases and her declarative testimony that each exhibit is what

-1-

DEFENDANTS' RESPONSE TO PLAINTIFF'S EVIDENTIARY
OBJECTIONS TO THE DECL OF MELANIE D. PHILLIPS
CASE NO. CV12-04551-DMG-(SHX)

it is claimed to be is evidence sufficient to support a finding that the item is authentic. *See* Fed. R. Evid. 901(a)-(b)(1). Moreover, authentication may also be based on the appearance of the documents (including any cover page, title page, or other distinctive characteristics) and the circumstances through which they are presented to the court. Fed. R. Evid. 901 (b)(4). For example, with respect to Exhibit H, Ms. Phillips has sufficient personal knowledge based on her colleagues' attendance at the hearing (which CBS cannot sincerely contest since CBS attended the hearing and itself quotes statements from DISH at the hearing in its own brief). Moreover, the appearance of the Hearing Transcript[1] and the circumstances through which it is presented are also sufficient to authenticate the exhibit. The same arguments apply to sufficiently authenticate Exhibits J through L. The appearance of Exhibits M and N also indicate where they originated from, with the web addresses indicated at the bottom of each page of the exhibits matching the location Ms. Phillips has identified the document as being sourced from. Moreover, CBS cannot honestly challenge the authenticity of those documents, as a visit to the website will easily verify that the document is what Ms. Phillips has represented it is and the same documents have been introduced in the New York action and no party objected to their introduction.

### C. Objections Alleging Hearsay and/or Multiple Hearsay

The objections alleging hearsay and/or multiple hearsay are also without merit. Exhibit B, DISH's Declaratory Judgment Complaint filed in the Southern District of New York, is not hearsay because is not presently offered in this venue for truth of the matters asserted therein. Rather, it is offered to show that the statements therein were made and to show DISH's state of mind with respect to asserting its rights in New York. Also, Exhibits L through N are also not hearsay because they are offered, not for truth of the matters asserted, but simply to show

---

[1] This includes the cover page which indicates the date and time of the hearing, the parties present, and the name and phone number of the reporting company.

1  that the statements therein were made.  Exhibits M and N are also offered to show
2  the effect of the statements therein on DISH as the reader, which was to put it on
3  notice that the networks were considering legal action against it.
4       Exhibit K, a complaint filed by CBS Broadcasting Inc. and Survivor
5  Productions, both parties to this action, is not hearsay because it is an opposing
6  party statement, specifically excluded from hearsay under Rule 801(d)(2).
7       Exhibit J, a copy of Exhibit 21 to CBS Corporation's 2011 10-K, filed with
8  the United States' Securities and Exchange Commission, it is a business record.
9  *SEC v. Jasper*, 678 F.3d 1116, 1123 (9th Cir. 2012) (holding that 10-K was
10 admissible as a business record).

### D. Objections Alleging Argumentative or Argumentative and Misleading

The evidentiary objections alleging argumentative or misleading are also meritless.  Two of these objections are to the headers in Ms. Phillips' declaration setting for the section of "Relevant Complaints" and "Relevant CBS Corporation Documents."  CBS objects to the headers as argumentative under Rule 403 yet fails to provide any explanation for raising this objection.[2]  First, this objection does not relate to evidence but to headings in Ms. Phillips' declaration.  Second, even if it did relate to evidence, Plaintiffs have not - and cannot – establish that the probative value of these statements is outweighed by a danger of unfair prejudice, confusion, undue delay, or needlessly cumulative evidence.

The explanation that Plaintiffs do provide for their objection to Exhibit H as argumentative and misleading under Rule 403 is unintelligible and itself misleading.  If anything, CBS merely made the objection, so that it could again bring to the Court's attention its interpretation of Judge Swain's statements regarding venue.  CBS is entitled to (and did) make such arguments in its briefing.

---

[2] CBS also objects to these headers as "impermissible legal conclusions." These headers are obviously not legal statements, but merely sign-posts for navigation of a lengthy declaration.

It is inappropriate for CBS to make objections to evidence merely to restate its substantive arguments.

### E. Objections Alleging Irrelevance

Lastly, the objections alleging irrelevance are also meritless. Relevant evidence relates to facts of consequence in the case and has probative value. Fed. R. Evid. 402. Exhibits I through K are relevant because they relate to and are probative of the CBS Plaintiffs' subsidiary relationship to CBS Corporation, which relates to DISH's argument that they are subject to the forum selection clause in the Retransmission Agreement. CBS's objection to Exhibit L, the complaint in this action, demonstrates just how disingenuous CBS's relevance objection is here. How could the complaint not be relevant when the motion at hand is whether the complaint should be dismissed? Exhibits M and N are relevant because they show that CBS Corporation communicated its interest in the instant dispute to third parties. This tends to prove that it the interests asserted by the CBS plaintiffs derive from the interests of CBS Corporation and the Retransmission Agreement. Such evidence is relevant and to and probative of DISH's argument that the fact that CBS Corporation is a shadow plaintiff who chose to bring suit through its affiliates and so this case is subject to the forum selection clause in CBS Corporation's agreement with DISH.

## II. CONCLUSION

For the reasons stated above, and in DISH's motion to dismiss or transfer, DISH respectfully requests that the Court overrule CBS's objections to the Declaration of Melanie D. Phillips and certain objections appended thereto.

Dated:      August 10, 2012            Orrick, Herrington & Sutcliffe LLP

By: */s/ William A. Molinski*
WILLIAM A. MOLINSKI
Attorneys for Defendants
DISH Network Corporation and
DISH Network L.L.C.

- 4 -

DEFENDANTS' RESPONSE TO PLAINTIFF'S EVIDENTIARY
OBJECTIONS TO THE DECL OF MELANIE D. PHILLIPS
CASE NO. CV12-04551-DMG-(SHX)